UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARL K. MULLEN,

                             Petitioner,                  **ORDER**
  -against-                                              12-MC-724 (SIL)

UNITED STATES OF AMERICA,

                             Respondent.
------------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Presently before the Court is Petitioner Carl K. Mullen's ("Petitioner" or "Mullen") motion to expunge his criminal record arising out of a December 6, 1991 arrest for instigating or assisting escape in violation of 18 U.S.C. § 752. *See* Docket Entry ("DE") [1]. The government opposes the instant motion. *See* DE [3]. For the reasons set forth herein, Petitioner's motion is denied.

**I.    BACKGROUND**

By way of a Complaint dated December 6, 1991, Petitioner was charged with one count of instigating or assisting escape in violation of 18 U.S.C. § 752. *See* DE [3-1]. According to the Complaint, non-party Ricardo Melendez became a federal prisoner in or around December 1990. *Id.* at ¶ 1. On November 22, 1991, Petitioner approached a confidential informant related to Melendez (the "CI"), fraudulently identified himself as a New York City police officer, and offered to assist in procuring Melendez's escape from custody in exchange for $6,000. *Id.* at ¶ 2. Following further conversations and negotiations, Petitioner and the CI scheduled a meeting for December 6, 1991, at which time the CI would pay Petitioner $1,100 as a "down

1

payment" on Petitioner's total fee for arranging the escape. *Id.* at ¶¶ 2-4. When Petitioner accepted the CI's payment, he was arrested. *Id.* at ¶ 4. Ultimately, on January 2, 1992, the Complaint charging Petitioner with instigating or assisting escape was dismissed without prejudice.[1] *See* DE [3-2].

On October 16, 2012, Petitioner filed the instant motion seeking an Order expunging his criminal record arising out of the December 6, 1991 arrest. *See* DE [1]. According to Petitioner, during the course of becoming a foster parent, an Administration for Children's Services supervisor advised him "that there was something found in [his] record after twenty one years which [he] would like to have expunged . . . ." *Id.* Petitioner further argues that, following dismissal of his criminal charge, he returned to school, has worked as an optician for the last twenty years, and is in the process of starting his own company. *Id.* In opposition, Respondent argues that: (i) it is unclear whether this Court has ancillary jurisdiction to expunge Petitioner's criminal record due to equitable considerations; and (ii) even assuming this Court has jurisdiction to expunge Petitioner's criminal record, Petitioner has failed to establish that equitable grounds exist to grant the relief he seeks. *See* DE [3].

## II.   DISCUSSION

Assuming for purposes of this motion that this Court has ancillary jurisdiction to grant the relief Petitioner seeks, his motion must nevertheless be denied because

---

[1] The circumstances resulting in dismissal of the Complaint are not specified in the parties' motion papers.

he fails to identify any harm or other extreme circumstances that warrant expungement of his criminal record.

## A. <u>Motion to Expunge Standard</u>

Pursuant to 28 U.S.C. § 534, the Attorney General is required to establish and maintain arrest records. 28 U.S.C. § 534(a). Although no federal statute provides for the expungement of arrest records, the decision of whether to expunge such records "lies within the equitable discretion of the court." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). However, it is well-settled in the Second Circuit that "the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'" *Id.* (quoting *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)). Therefore, "[i]n determining whether extreme circumstances exist, 'the government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens.'" *Peters v. United States*, No. 13-MC-103, 2013 WL 3280880, at *1 (E.D.N.Y. June 27, 2013) (quoting *Schnitzer*, 567 F.2d at 539).

Although courts are mindful of the fact that arrest records can "create serious adverse consequences [for an arrestee] . . . notwithstanding the ultimate disposition of the case," *Schnitzer*, 567 F.2d at 539, courts routinely decline to expunge criminal records even where such harm to an arrestee exists. *See, e.g.*, *United States v. Robinson*, No. 04-CR-580, 2007 WL 2077732, at *1 (E.D.N.Y. July 18, 2007) ("Courts have . . . been clear that the consequences attendant to possessing a criminal record,

3

such as loss of financial or employment opportunities, do not fall within the narrow bounds where expungement has been declared appropriate.") (internal quotation and alteration omitted). Rather, courts consider expungement to be appropriate:

> 1) when courts determine that a petitioner's constitutional right has been violated by an arrest or a conviction; 2) when mass arrests rendered it impossible to prove probable cause; 3) when the purpose of arrests was solely to harass workers; 4) when the police misused criminal records to a defendant's detriment; and 5) when an arrest was proper but based on a statute later declared unconstitutional.

*Joefield v. United States*, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (internal citations omitted).

In contrast, courts routinely deny motions to expunge where the only hardship identified is difficulty in obtaining or maintaining employment due to a criminal record. *See, e.g.*, *Moss v. United States*, No. 09-MC-495, 2011 WL 1706548, at *3 (E.D.N.Y. May 4, 2011) (denying motion to expunge by a petitioner whose conviction precluded her from obtaining employment as a substitute teacher); *Thompson v. United States*, No. 10-MC-537, 2010 WL 3614921, at *1 (E.D.N.Y. Aug. 13, 2010) (recommending denial of a motion to expunge where the petitioner "encountered obstacles in obtaining employment" due to her criminal record); *United States v. Feret*, No. 05-MJ-75, 2007 WL 2262867, at *2 (E.D.N.Y. Aug. 3, 2007) (denying motion to expunge by a petitioner who feared having to explain a dismissed criminal complaint to potential employers); *United States v. Ravitsky*, No. 02-CR-1268, 2006 WL 1455467, at *3 (E.D.N.Y. May 23, 2006) ("[T]he generalized fear of a potential adverse effect on future employment is an insufficient justification for [expungement].").

4

Moreover, courts regularly deny motions to expunge arrest records "even where the arrests at issue resulted in acquittals or even dismissal of the charges." *United States v. Sherman*, 782 F. Supp. 866, 868 (S.D.N.Y. 1991); *see also Manoharan v. United States*, No. 12-MC-68, 2012 WL 2872631, at *2 (E.D.N.Y. July 12, 2012) ("[C]ourts typically deny motions to expunge even the arrest records of those not convicted of any crime . . . ."). Nevertheless, a concession of innocence paired with a demonstrated hardship may warrant expungement of an arrest record. *See Peters*, 2013 WL 3280880, at *2 ("The government's express concession of an individual's innocence, however, if coupled with hardship, can warrant the expunging of an arrest record when charges have been dismissed."); *see also United States v. Van Wagner*, 746 F. Supp. 619, 622 (E.D. Va. 1990) (granting a motion to expunge an arrest record given the government's acknowledgment of the petitioner's innocence and resulting economic detriment to the petitioner).

B. **Application**

Here, Petitioner fails to meet the stringent standard applicable to motions to expunge. He does not argue that "extreme circumstances" exist, but rather, that he became aware "that there was something found in [his] record after twenty one years" and he "would like to have [it] expunged . . . ." DE [1]. Although Petitioner argues that he has kept his "nose clean" following dismissal of the criminal charge, the fact "[t]hat Petitioner has been a good citizen, . . . while commendable, does not warrant relief." *Castillo v. United States*, No. 11-MC-754, 2013 U.S. Dist. LEXIS 144859, at *2 (E.D.N.Y. Oct. 7, 2013); *see also Ali v. United States*, No. 13-MC-342, 2013 WL

4048498, at *2 (E.D.N.Y. Aug. 9, 2013) ("Even where individuals have lived law-abiding lives after their arrests, courts require that they demonstrate extraordinary circumstances or imminent harm as a result of the arrest records in order to obtain an expungement of their records."). To that end, Petitioner fails to identify any actual harm he has suffered, or expects to suffer, as a result of his criminal record. To the contrary, in his motion, Petitioner indicates that he has held steady employment as an optician for twenty years and that he is in the process of opening his own business. *See* DE [1]. Moreover, Petitioner does not actually assert his innocence, nor does he claim that his arrest was unlawful or otherwise improper. *Id*. Similarly, the government does not concede Petitioner's innocence such that a finding of hardship would favor expungement. *See Peters*, 2013 WL 3280880, at *2. Rather, the criminal complaint was dismissed without prejudice, with no reference to the merits of the charge. *See* DE [3-2]. Finally, Petitioner does not argue that any of the "extreme circumstances" identified in *Schnitzer* or *Joefield* support expungement of his criminal record. *See Schnitzer*, 567 F.2d at 540; *Joefield*, 2013 WL 3972650, at *3. Because Petitioner fails to identify any actual harm or other extreme circumstances arising out of his criminal record, his motion to expunge is denied. *See Peters*, 2013 WL 3280880, at *1 (denying motion to expunge where the petitioner did "not allege that she has suffered any specific hardship resulting from her arrest record"); *Fernandez v. United States*, No. 09-MC-326, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009) (denying motion to expunge where the petitioner did "not cite any specific

examples that would provide support for a finding that her situation is especially harsh or extreme").

## III. CONCLUSION

For the reasons set forth herein, Petitioner's motion to expunge his criminal record arising out of his December 6, 1991 arrest is denied. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
       March 18, 2016

**SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge